## PATTERSON *v.* STATE.

(Division B. June 10, 1940.)

[196 So. 757. No. 34071.]

Paul G. Swartzfager and Raymond C. Swartzfager, both of Laurel, for appellant.

720

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Lonnie Patterson, was convicted of burglary and larceny in the court below, and sentenced to serve three years in the penitentiary; from which sentence this appeal is taken.

The evidence discloses that Mrs. Holloway was the owner of a bulk plant in the city of Laurel, and that sometime prior to the indictment of the appellant her warehouse had been broken into, and about ten gallons of differential grease stolen therefrom.

There is no substantial dispute in this record as to the fact of the burglary. The state rested its case upon the theory that the appellant was found in possession of four and a half gallons of some kind of oil or grease—it is not clear whether it was differential grease or oil.

There was no evidence that this grease or oil came from Mrs. Holloway's warehouse, nor was it identified as being part of the stolen property; or that the appellant was ever about the place where Mrs. Holloway's differential grease was stored. There was no sort of identification of the oil or grease as being the stolen property, or a part thereof.

In this state of the record the judgment of the lower court cannot be allowed to stand. Robinson v. State, 180 Miss. 774, 178 So. 588, and authorities there cited.

The appellant argues the case as though he had requested a peremptory instruction. The record does not disclose that such request was made of the court.

At the conclusion of the state's case the appellant made a motion to exclude all the evidence offered, which was overruled by the court. Thereafter the appellant testified, offering other evidence.

Under the rule in this state the motion to exclude the evidence followed by evidence offered by the appellant, cannot be treated as a request for peremptory instruction. See Alabama & V. R. Co. v. Kelly, 126 Miss. 276, 88 So. 707.

However, "When . . . there is an entire absence of any evidence to convict accused of crime charged in indictment, the point may be raised for the first time on appeal." See Cogsdell v. State, 183 Miss. 826, 185 So. 206.

Reversed and remanded.