ALDRIDGE *v.* PARK.

(In Banc.  Dec. 29, 1943.)

[16 So. (2d) 41.  No. 35456.]

H. Lee Herring, of Rulesville, and Cooper & Thomas, of Indianola, for appellant.

Johnson & Allen, of Indianola, for appellee.

Argued orally by **Forrest G. Cooper**, for appellant, and by **P. W. Allen**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Park, in this tort action, seeks to recover from Aldridge damages resulting from the wrongful dispossession of Park by Aldridge from 300 acres of land which Park had leased from Aldridge. There was a jury verdict and judgment for $3,000 in favor of Park, from which Aldridge appeals.

The lease was in writing. It was for five years including 1941 to 1945. The amount of the rent was $1,500 per annum payable November 1st of each year.

It is claimed that the ejectment of Park occurred January 30, 1942. This suit was filed August 7, 1942.

The first contention of appellant is that the suit was prematurely brought. He raised that question in the lower court by a plea in abatement, which the court overruled. Appellant assigns this as error. The lower court was correct. The right of action accrued to Park immediately upon his wrongful ejection from the premises. The time of instituting the action has bearing upon his ability to prove with certainty subsequently accruing damages but does not affect his right to bring his action at any time after the wrong occurred before such right is barred by the statute of limitation.

Appellant next earnestly insists that we should enter a judgment here adjudging that Aldridge had the right to retake possession of the premises and that he exercised it in a proper manner under the facts disclosed by this record. On this question Aldridge contended that Park had made no preparations for cultivating the land and producing crops thereon in 1942, and also that he and

Park had an agreement for Aldridge to repossess and cultivate the farm and each would release and satisfy all claims against the other. Appellant did not ask for a peremptory instruction. This would deny us the right in this case to sustain appellee's contention in this respect. We could not put the lower court in error upon these questions when it was not asked to pass upon them. But pretermitting that and without detailing the evidence, we will say that we have reviewed it carefully and we think these were properly questions of fact for the jury to decide, which it did upon instructions requested by and granted to the appellant. The verdict of the jury was adverse to appellant's contention and there is ample proof in the record to support that verdict. Gardner v. Heflin, 188 Miss. 790, 196 So. 256, 257.

It is next contended by appellant that the case should be reversed and remanded because of the granting by the lower court of the following instruction to appellee-plaintiff: "The court instructs the jury that if you believe from the preponderance of the evidence that C. H. Aldridge, the defendant, after having entered into the contract here in evidence for a period of five years with J. A. Park, the plaintiff, without fault on the part of the said Park, wrongfully entered into and upon said premises and took possession thereof and then and there wrongfully evicted, expelled and removed the said Park from the possession, use, occupation and enjoyment of the said leased premises, whereby the plaintiff has been denied the use thereof, then you shall return a verdict for the said Park for whatever damage you may find from the evidence he has sustained thereby, not in excess of the amount sued for." This same instruction in substance was condemned in the Gardner case, supra. The court in that case said: "The instruction granted by the court, under these circumstances, was fatally erroneous. It left the door wide open for the jury to assess any damages that it saw fit. The jury was not limited to such damages as naturally flowed from an eviction and repossession

of a dwelling in the manner indicated in the statement of facts. There is no theory upon which the instruction could be justified on the facts of this case. Of course, the jury should have been limited to such damages as proximately flowed from the eviction in the manner we have detailed . . . At least, the jury should have been limited to those damages which were proximately caused by the eviction.'' That statement is applicable to the facts of this case.

We would affirm the judgment on the question of damage, conditioned upon a remittitur of $1,500, the amount of the 1942 rent owing to Aldridge, but for the fact that the proof of damage is not sufficiently specific and definite for us to do that. This is not a case for punitive damages. This means that the case should be reversed and remanded for the ascertainment of damages only. It is so ordered.

Affirmed in part, reversed in part, and remanded.