McKinney *v.* State.

(In Banc. June 12, 1944.)

[18 So. (2d) 446. No. 35554.]

**G. Q. Whitfield,** of Jackson, and **J. H. Garth,** of Hazlehurst, for appellant.

828

**Greek L. Rice,** Attorney-General, by **Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

Argued orally by **G. Q. Whitfield,** for appellant, and by **Geo. H. Ethridge,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

McKinney was indicted and convicted of manslaughter under our culpable negligence statute. Section 2232, Code of 1942. He was driving a pick-up truck. One Brantley was also driving in the same direction another truck, which had a flat body behind the cab thereof. Vera Griffen and four other persons were sitting upon that flat body with their feet hanging off the left side thereof. McKinney undertook to pass the Brantley truck on the left, and the two trucks came so close together that the McKinney truck struck Vera Griffen, knocking her from the Brantley truck, causing personal injuries from which she later died.

McKinney earnestly contends that there is no evidence showing such gross negligence on the part of McKinney as will support a criminal conviction; that, therefore, a peremptory instruction in his behalf should have been given by the trial judge. We have carefully examined and considered the evidence and the contentions of appellant, and, without undertaking to detail it, we are of the opinion that there is sufficient evidence of gross and culpable negligence, if believed by the jury, to sustain the verdict.

The following instruction was granted the state: "The court instructs the jury for the State that the involuntary killing of a human being by another person is manslaughter, when done by the culpable negligence of the other person without authority of law; and if you believe from all the evidence in this case beyond a reasonable doubt that the defendant, Louis McKinney, drove and operated the pick-up truck in question in such gross, negligent and careless manner, without due regard to the rights and safety of other persons and property on said highway at the time and undertook to pass the truck of Carney Brantley, which he was then overtaking in a curve and going up a hill at the same time, and that the deceased, Vera Griffen, was struck and killed by the truck driven by the said defendant and lost her life as a proximate and direct result of said gross, careless and negligent manner on the part of the defendant, then if you so believe beyond a reasonable doubt, the defendant, Louis McKinney, is guilty as charged and the jury should so find."

Aside from whether by the use of the expression "without due regard to the rights and safety of other persons and property . . ," considered in connection with the remainder of the instruction, a correct definition of culpable negligence was given the jury, this instruction is reversible error because of the phrase therein ". . . which he was then overtaking in a curve and going up a hill at the same time . . ." This was a statement of fact by the trial judge. It is not clear, however, whether it is meant by this expression that when the actual impact took place the trucks were in a curve and going up a hill, or whether those were the facts before the actual impact and when appellant was approaching the forward truck. Both trucks were traveling south on a straight road. Another road turned gradually from this to the left—towards the east—and an incline began about the point of the turn. Appellant, for some 200 yards before overtaking the Brantley truck, had been blowing his

horn. He says he did not know or think Brantley was going to take the left road. Brantley had given no signal he expected to go to the left. The collision occurred just after the trucks entered upon the left-hand road. We think it is a fact that the point of impact was on a curve and on the start of a hill. If the quoted statement was describing the curve and hill at the point of collision, it is in accord with the facts, but, even so, it was not proper to so state as a fact in the instruction. But if the expression means to describe the situation as appellant approached the Brantley car, it is not in accord with the proven facts. Again, it is not certain to what extent the hill and curve contributed to the negligence of appellant. It is the theory of the state that appellant did not have room to pass the Brantley truck and it was gross negligence for him to undertake to do so, whether in a curve or on a hill or not, and also that as appellant undertook to pass Brantley that he, appellant, suddenly cut his truck to the right, thereby striking Vera Griffen. It is the theory of appellant, and he so testified, that as he came alongside Brantley that Brantley unexpectedly cut his truck to the left, causing the injury, and that the hill and curve had no bearing on the cause of the accident. It will be noted the quoted expression is a part of an instruction defining manslaughter and detailing the acts constituting culpable negligence. The danger inherent in this expression, from a practical standpoint, under the conditions here, is that the jury might believe, or be influenced to believe, therefrom that the mere passing by McKinney of the forward truck on a hill and curve was of itself culpable negligence, whether the hill and curve contributed to the injury or not. It is generally thought to be negligence to so undertake to pass another motor vehicle. To single out and direct the attention of the jury to these stated facts, in connection with a definition of manslaughter and the acts constituting culpable negligence, and especially by the wording of this expression, which emphasized. ". . . at the same time . . .," was,

to say the least, calculated from a practical standpoint to mislead the jurors and influence them to some extent against the defendant, and especially so in a case as close as this on the merits of criminal liability.

Reversed and remanded.

## CONCURRING OPINION.

**Griffith, J.,** delivered a concurring opinion.

Under this record the facts must be drawn out almost to the breaking point in order to say that there is enough here to escape the peremptory charge. In such a case the state's instructions ought to be required to be beyond criticism in any substantial respect, and particularly so when a conviction is sought under the culpable negligence statute. Experience has shown that under that statute juries are overinclined to convict on proof of what is in fact no more than simple negligence, and as a result there have been more reversals in this class of cases than perhaps in any other that comes before us.

In such a case the instructions should make it clear, and should be framed in such language that the average man on the jury will well understand it and without having to be an expert in legal terminology, that in order to support a conviction under the statute the negligence must be more than carelessness but must be of a degree so gross as to be tantamount to a wanton disregard of, or indifference to, consequences. Shows v. State, 175 Miss. 604, 168 So. 862. The state's instruction quoted in the main opinion is drawn in such terms as to obscure rather than to make clear what is required in order that a conviction may be justified, remembering that such an instruction must be read and properly understood by laymen, not that it may possibly be understood by lawyers.

It is true that other instructions were given which explained in the abstract what was meant by the term

culpable negligence, but this is of no avail for the reason that the quoted instruction undertook to collate certain facts as being enough, if believed beyond a reasonable doubt, to sustain a conviction and in such a case it is necessary that the instruction enumerate all essentials, and may not take resort to other instructions to cure errors or omissions. Walters v. State, 176 Miss. 790, 170 So. 539; Yazoo & M. V. R. Co. v. Hawkins, 159 Miss. 775, 780, 132 So. 742.