RUFFIN *v.* STATE.

(In Banc.   Dec. 8, 1947.)

[32 So. (2d) 882.   No. 36517.]

(1)

**W. L. Sims** and Sams & Jolly, all of Columbus, and **Roy T. Mobley,** of Alamogordo, N. Mex., for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

Argued orally by J. O. Sams and R. T. Mobley, for appellant.

Griffith, J., delivered the opinion of the court.

Appellant was indicted for, and convicted of, manslaughter, under the culpable negligence statute, Sec. 2232, Code 1942.

The brief by the Assistant Attorney General shows that he had made a close study of this record, and he says "I am frankly doubtful of the sufficiency of the evidence to support the verdict under the principles announced in Smith v. State, 197 Miss. 802 [20 So. (2d) 701, 161 A. L. R. 1], and other cases since decided." In the concurring opinion in McKinney v. State, 196 Miss. 826, 832, 18 So. (2d) 446, 447, it was said: "Experience has shown that under that statute (the culpable negligence statute) juries are overinclined to convict on proof of what is in fact no more than simple negligence, and as a result there

4

have been more reversals in this class of cases than perhaps in any other that comes before us.'' The most that can be made out of the present record, when conjectures are laid aside, is a case of negligence but not culpable negligence.

But the defendant made no request for a peremptory charge. Had he done so, it would in all probability have been granted, inasmuch as that would have been proper. There being no substantial evidence to support a conviction of the crime charged, that point may be raised for the first time on appeal. Patterson v. State, 188 Miss. 718, 722, 196 So. 757; Cogsdell v. State, 183 Miss. 826, 185 So. 206.

Although we allow the point to be raised here for the first time, and which for fundamental reasons we must, we do not grant a discharge here when the defendant has not requested it in the trial court. If, as in this case, he makes no request for a peremptory charge there, we send the case back that he may be required to do there what he ought to have done, if he is to be finally discharged.

Reversed and remanded.