GRISSOM *v.* LIVINGSTON, et al.

Feb. 25, 1952.

No. 38200 (57 So. (2d) 144)

**H. A. Boren**, for appellant.

**Douglas D. Shands**, for appellees.

**Arrington, J.**

The appellees purchased from the appellant, G. C. Grissom, a grocery store which included all stock, fixtures, and equipment incident to the operation of said grocery store. Grissom, the appellant, warranted title to said property and agreed to pay any outstanding indebtedness which might become due and which was made by him. The same was consummated on June 22, 1949, as evidenced by bill of sale prepared by the attorney for appellees, and on the same date the store was delivered by Grissom to appellees. On June 20, 1949, Grissom placed an order with Krey Packing Company of St. Louis in the amount of $89.51, which was evidenced by an invoice on file in the store at that time. These goods had not been received by Grissom at the time of the sale of the store, but were received a short time later by appellees, who signed and paid for same. These facts are admitted by the pleadings and testimony and are not in dispute. The appellees contend that Grissom agreed to pay for this order and when he refused to do so, suit was filed in the justice of the peace court, where judgment was obtained against Grissom. Upon appeal to the Circuit Court of Lee County, judgment was again entered for the appellees, and from this judgment, the appellant appeals to this Court.

The bill of sale reads in part as follows: "* * * I do hereby sell, deliver and warrant unto the said J. J. Livingston of Tupelo, Lee County, Mississippi, and guarantee unto him that the title to the said stock of goods and equipment is now vested in the said J. J.

Livingston and his executors, administrators and assigns to their own use and benefit forever, and, I, G. C. Grissom, agree to defend the title of any of the property located in the Grissom Grocery Store and further agree to pay any outstanding indebtedness which may become due and which was made by me, the said G. C. Grissom and which might be outstanding and due and payable in the future.

"And, I hereby covenant with the Grantee that I am the lawful owner of the said goods, fixtures and chattels above described, that they are free from all encumbrances, and that I have good right to sell the same aforesaid and I will warrant and defend the title of said property against all lawful claims and demands of all persons and I further guarantee unto the said J. J. Livingston, a complete and good title to the said stock of goods and equipment above described."

Mrs. Livingston testified without objection that Grissom agreed that he would pay all outstanding invoices on file at that time in the store. She further testified that nothing was said as to "whether or not the goods were in the store or out" and that she could have turned the goods down but they accepted them. ■■ In construing the bill of sale together with the testimony of Mrs. Livingston, we are of the opinion that the agreement of Grissom to pay any outstanding indebtedness which may become due and which was made by him could only refer to outstanding indebtedness for goods or stock then on hand since appellant was warranting the title to goods then owned by him and agreeing to "defend the title of any of the property located in the Grissom Grocery Store". We also think that it is plain from the evidence in this record that the appellees received everything that they purchased, and that they did not know of this order of goods which had been made by Grissom and which they elected to accept after the sale was consummated.

In Hunt v. Gardner, 147 Miss. 374, 112 So. 7, the Court held: "[The] ■■ court, in construing a contract,

should place itself in the situation of parties at time contract was made, and ascertain intention from the contract in the light of such situation, looking also to the subject matter of the contract."

After a careful examination of this record, we are of the opinion that the appellees were not entitled to recover. Since the appellant made no request for a peremptory instruction, under the rule as announced in Aldridge v. Park, 195 Miss. 713, 16 So. (2d) 41, and Ruffin v. State, 203 Miss. 1, 32 So. (2d) 882, this cause is reversed and remanded.

Reversed and remanded.

**McGehee, C. J.,** and **Alexander, Holmes** and **Ethridge, JJ.,** concur.