GATLIN v. STATE.

Dec. 7, 1953

No. 38919 45 Adv. S. 29 68 So. 2d 291

*William P. Cassedy,* Brookhaven, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted of manslaughter in that he was guilty of culpable negligence in the operation of his automobile in such manner that the car was wrecked and caused the death of Fannie Mae Barnes who was riding therein with him.

 1. His first contention is that the trial court erred in not allowing him sufficient time in which to prepare his case for trial. He was indicted on January 14, 1953, and was arrested on the same day. He was arraigned on the following day and entered a plea of not guilty; his case was called for the following Monday, January 19th, and he stated to the court that he had not employed an attorney to represent him. He was then advised by the court to engage the services of counsel and his case was set for trial on Wednesday, January 21st. He employed counsel on January 20th. On the following day, when the case was called, his counsel dictated into the record a motion to "pass the case for at least a couple or three days" so that time might be had in which to prepare for trial. The court sustained the motion and passed the case to Friday, January 23rd. On that day the case proceeded to trial without objection. There was no motion for a continuance, and the request to pass the case did not meet the requirements of Section 1520, Code of 1942. Moreover, under that section the

granting or denial of a continuance is largely in the discretion of the trial court and its action is no ground for reversal unless its discretion has been abused. Wingo's Mississippi Criminal Law and Procedure, Section 138; Newell v. State, 209 Miss. 653, Headnote 1, 48 So. 2d 332. We find the first contention without merit.

2. The second contention is that the proof was insufficient to support a conviction of manslaughter. In the case of Smith v. State, 197 Miss. 802, 20 So. 2d 701, we reviewed numerous authorities and laid down the yardstick by which culpable negligence is to be measured, and we there said: " * * * the term culpable negligence should be construed to mean a negligence of a higher degree than that which in civil cases is held to be gross negligence, and must be a negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life, and that this shall be so clearly evidenced as to place it beyond every reasonable doubt."

The facts relied upon by the State to meet the stated test are as follows: Appellant was driving his automobile in an easterly direction on Highway 84. He had first picked up Fannie Mae Barnes on a farm where they both lived and had been to Brookhaven where appellant admitted he had taken a drink. Then they started to Monticello. The wreck occurred about six or eight miles East of Brookhaven about 9 p. m. For a distance of 310 steps the car went off the pavement two or three different times on the left or North Side of the highway; then it started turning over and went an additional distance of 249 feet before it finally came to a stop off the paved portion of the highway at the bottom of a fill. The top and both sides of the automobile were crushed in, and the battery and tools were thrown from it as it rolled over. Fannie Mae Barnes was thrown from the car about 50 to 100 feet from the place where the car finally came to rest. She was picked up from

the paved portion of the highway and died about 30 minutes later from injuries which she had received in the wreck. Appellant was thrown from the car and was lying about 15 feet away from where the car finally stopped. When aroused by people who resided in proximity to the wreck, he came back up into the highway. He said he was not hurt and he did not appear to be injured. Several witnesses testified that he was drunk. He was questioned about the wreck and named several different persons as the driver of the car, maintaining that he himself was not driving, but no other person was to be found about the scene of the wreck. He finally said that he wished the people present would stop questioning him until he got sober so he could talk. He was taken in charge by a highway patrolman and carried to the jail in Brookhaven. After having claimed that someone else was driving the car, he admitted that he was driving it. Thus by direct proof, coupled with the admission of appellant, it was established that appellant was driving the car while in a drunken condition. By direct proof it was established that for a distance of almost one-fourth of a mile he was driving his car on the wrong side of the highway, weaving off and back on the paved portion thereof, apparently making no effort to check its speed, and finally utterly losing control of the car to the extent that it rolled over several times for a distance of 249 feet and was practically demolished. From these facts the jury was warranted in finding that appellant in the operation of his car was guilty of negligence of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life.

In the case of Lester v. State, 209 Miss. 171, 46 So. 2d 109, we upheld a conviction for manslaughter where it was shown that the defendant was operating a truck while drunk and that he was weaving from one side of the road to the other. In Coleman v. State, 208 Miss.

612, 45 So. 2d 240, we again upheld a conviction for manslaughter where it was shown that the defendant had been drinking and was driving on the wrong side of the highway. And in Faust v. State, 212 Miss. 464, 54 So. 2d 724, we upheld a conviction for manslaughter where it was shown that the defendant had been drinking and was driving his automobile at a high rate of speed, "zigzagging across the road," and that he sideswiped another automobile and lost control of his car so that it left the highway and struck a tree, inflicting fatal injuries upon one of the passengers in the car with him. While not identically in point as to all the facts, we are of the opinion that the three cases last cited support the action of the trial court in refusing appellant's requested peremptory instruction and in submitting the case to the jury.

 3. Appellant next complains that the court erred in granting the State an instruction on circumstantial evidence. The instruction in question is substantially a verbatim copy of the one set out in Section 1508, Alexander's Mississippi Jury Instructions, which was approved by this Court in Johnson v. State, 23 So. 2d 499. There was in fact an element of circumstantial evidence in the State's proof, for it was only by the circumstances above detailed that the jury could have found that appellant was operating his automobile at a reckless and dangerous rate of speed. By this instruction the State assumed the burden not only of proving the defendant guilty beyond every reasonable doubt and to a moral certainty but also to the exclusion of every other reasonable hypothesis than that of guilt. See Wingo's Mississippi Criminal Law and Procedure, Section 1673. We hold that the granting of this instruction under the proof disclosed by the record was not error.

 4. It is next contended that the trial court erred in refusing to the defendant a requested instruction which is commonly referred to in our jurisprudence as the

"two theory" instruction. By instruction No. 7 granted to the appellant the court did charge the jury as follows: "The court instructs the jury for the defendant that if there be any fact or circumstance in this case susceptible of two interpretations, one favorable and the other unfavorable to the accused, and when the jury has considered such fact or circumstance with all the other evidence, if there is a reasonable doubt, and to the exclusion of every reasonable hypothesis, as to the correct interpretation, they must resolve such doubt in favor of the accused, and place upon such fact or circumstance the interpretation favorable to the accused." By the quoted instruction which was given, the appellant obtained everything to which he was entitled and the court was not required to grant other instructions embodying the same principles. Moreover, we call attention to what we said regarding the "two theory" instruction in Simmons v. State, 208 Miss. 523, 527, 44 So. 2d 857. See also Coleman v. State, supra, and Section 172, Alexander's Mississippi Jury Instructions.

5. Appellant contends, finally, that the corpus delicti was not proven in this case without using appellant's admissions treated as confessions. The only admission touching upon the corpus delicti was that of appellant when he admitted that he was driving the car at the time of the wreck. That was supported by the proof that no other alleged driver was to be found at the scene of the wreck. The remainder of the corpus delicti finds support in the evidence which we have already detailed. In Simmons v. State, supra, we referred to Ruffin v. State, 205 Miss. 642, 39 So. 2d 269, wherein the Court quoted with approval from Pope v. State, 158 Miss. 794, 131 So. 264, in part as follows: " * * * if the confessions coupled with the proof of the corpus delicti aliunde show the corpus delicti beyond a reasonable doubt, it is sufficient." See also Wingo's Mississippi Criminal Law and Procedure, Section 154. We conclude,

therefore, that appellant's argument is without merit, and the judgment of the lower court is accordingly affirmed.

Affirmed.

*Roberds, P. J.*, and *Lee, Kyle* and *Holmes, JJ.*, concur.