## SUBER *v.* STATE

No. 39846    January 23, 1956    84 So. 2d 793

*John B. Gee,* Vicksburg, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted of manslaughter consisting of his culpable negligence in the operation of his automobile so as to collide with another automobile in which Mrs. Lucille T. Williamson was riding, in which collision Mrs. Williamson received fatal injuries. The principal contention on this appeal is that the trial court should have granted appellant a directed verdict, or, in any event, should have sustained his motion for a new trial on the ground that the verdict of conviction is against the overwhelming weight of the evidence.

The accident occurred in the outskirts of the City of Vicksburg on a paved highway about twenty feet in width which is known as the Hall's Ferry Road. It occurred about 6:40 p.m. on September 18, 1954, which was a Saturday afternoon. The proof for the State shows that the traffic was heavy and the area about the scene of the wreck was closely built up. The road was straight for a distance of as much as 100 yards. A daughter of the deceased was driving the automobile in which her mother was riding. She was traveling north toward the main part of the city at a speed of about 25 or 30 miles per hour and was on the east half of the road. Appellant was driving south at a speed of about 55 miles per hour and was "zigzagging" from one side of the road to the other. Just before meeting the Williamson car appellant drove onto the east half of the road and his car collided head-on with the Williamson car. It is undisputed that at the time of the collision appellant was on the wrong side of the road. There is also evidence for the State that appellant was under the influence of intoxicating liquor; there was a disputed question of fact on this issue. We think that the

evidence was amply sufficient to make the issue one of fact for decision by the jury, and that the court below committed no error in refusing the request for a directed verdict and in overruling the motion for a new trial. From the facts disclosed by the record we think the jury was warranted in finding that the appellant was guilty of negligence in the operation of his car of a degree so gross as to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life. Quite similar on the facts are the cases of Gatlin v. State, 219 Miss. 167, 68 So. 2d 291; Lester v. State, 209 Miss. 171, 46 So. 2d 109; Coleman v. State, 208 Miss. 612, 45 So. 2d 240; and Faust v. State, 212 Miss. 464, 54 So. 2d 724.

■■ Complainant is also made against two of the State's instructions to the jury. The first is almost an exact copy of the instruction found as Section 1510 of Alexander's Mississippi Jury Instructions. Appellant argues that it authorized the jury to return a verdict of guilty if they believed the appellant was guilty of any infraction of the law, such as speeding or possessing intoxicating liquor, but we do not think the jury could have understood anything except that appellant was on trial for manslaughter consisting of culpable negligence in the operation of his automobile. Another instruction for the State, about which complaint is made, fully and completely and correctly charged the jury as to culpable negligence in accordance with numerous decisions of this Court. It is almost an exact copy of Section 690 of Alexander's Mississippi Jury Instructions.

It follows that the judgment appealed from should be affirmed.

Affirmed.

*McGehee,* C.J., and *Lee, Kyle* and *Holmes,* JJ., concur.