244 So.2d 18 (1971)
D.F. GANT
v.
STATE of Mississippi.
No. 46221.
Supreme Court of Mississippi.
February 8, 1971.
Ben Barrett Smith, Robert H. Broome, Batesville, for appellant.
A.F. Summer, Atty. Gen., by John Kinard, Special Asst. Atty. Gen., Jackson, for appellee.
*19 RODGERS, Justice:
The appellant, D.F. Gant, was indicted, tried and convicted of manslaughter in the Second Circuit Court District of Panola County, Mississippi. The indictment charged the appellant with unlawfully killing and slaying George Scallorn. The indictment was brought by authority of Section 2232, Mississippi Code 1942 Annotated (1956). The deceased lost his life in an automobile accident on a county road one mile south of Sardis Dam Reservoir at approximately 7:30 p.m., on April 28, 1969.
The deceased, George Scallorn, was driving a one-half ton pickup truck in a northerly direction on a paved county road. He had been to a store to purchase fertilizer, and at the time of the accident, was going home. His two stepsons, Ronnie and Tommie Williams, were in the cab of the truck with him. A Buick automobile traveling south came around the inside of a curve and the two vehicles collided within the deceased's lane of travel. Ronnie and Tommie Williams were able to crawl out of the truck, but, because of the injury to Ronnie, they did not move about and did not see the driver of the Buick at the scene of the accident.
An ambulance arrived and the driver removed the defendant from under the wheel of the wrecked Buick. Tommie Williams also identified the defendant as being in the hospital on a cot in front of him after the accident. A Mr. Clyde Bailey, a relative of the deceased, testified that before the accident he had attempted to pass the defendant in his automobile going toward Sardis at about 6:30 p.m.; that "he was weaving from one side of the road to the other"; that the witness blew his horn several times and finally passed defendant's automobile.
The ambulance driver and several other witnesses testified that there was a pint bottle of bourbon whiskey on the floor of the Buick. There is no positive evidence in the record that the defendant was drunk or had been drinking prior to the accident. The uncontradicted testimony of Ronnie and Tommie Williams and the surrounding circumstances leave no doubt that the driver of the Buick automobile negligently caused the death of the deceased, George Scallorn.
The first issue to be determined here is whether or not the negligence of the defendant reached that degree of negligence designated as "culpable negligence" within the meaning of Section 2232, Mississippi Code 1942 Annotated (1956).
Section 2232, Mississippi Code 1942 Annotated (1956), states that the killing of a human being by the act, procurement or culpable negligence of another, without authority of law, is manslaughter.
The general rule as to culpable negligence within the meaning of the foregoing statute is that the negligence of the accused must be shown to be tantamount to a wanton disregard of, or utter indifference to, the safety of human life. Smith v. State, 197 Miss. 802, 20 So.2d 701, 161 A.L.R. 1 (1945).
In Faust v. State, 212 Miss. 464, 54 So.2d 724 (1951), we said:
"* * * In other words, culpable negligence should be defined as the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful creation of an unreasonable risk thereof." (212 Miss. at 467, 54 So.2d at 725)
In the case of Ruffin v. State, 203 Miss. 1, 32 So.2d 882 (1947), this Court quoted from the concurring opinion in McKinney v. State, 196 Miss. 826, 18 So.2d 446 (1944), wherein it was said:
* * * "Experience has shown that under that statute (the culpable negligence statute) juries are overinclined to convict on proof of what is in fact no more than simple negligence, and as a result there have been more reversals in this class of cases than perhaps in *20 any other that comes before us." * * * (203 Miss. at 3, 4, 32 So.2d at 882)
We went on to say in Ruffin, supra:
* * * The most that can be made out of the present record, when conjectures are laid aside, is a case of negligence but not culpable negligence. (203 Miss. at 4, 32 So.2d at 882)
The record shows that at 6:30 p.m., the defendant was operating his automobile in such a manner as to weave from side to side on the road so as to make it difficult for other motorists to pass. At 7:30 p.m. he was driving in the center of the road and drove his automobile on the side of the road occupied by the on-coming truck driven by the deceased. After the accident he had to be taken from under the wheel of the automobile he was driving and a pint bottle of bourbon whiskey, about three-fourths empty, was found at his feet. In the hospital he hollered at the nurses who were attempting to help him.
The defendant did not testify after the State had closed its testimony of the foregoing facts leading up to the accident in which George Scallorn was killed, but made a motion for a directed verdict of not guilty. This motion was overruled by the court and appellant now contends on appeal that the trial court committed reversible error in so doing. The appellant argues that, at most, the testimony only amounts to a showing of simple negligence on the part of the defendant.
We concur with this thesis because we think the testimony is not sufficient to present an issue for the jury as to whether or not the defendant was drinking intoxicants and was in such a physical condition as to be unable to properly operate his motor vehicle at the time of the accident.
This Court has on several occasions found it necessary to pass upon the culpable negligence issue growing out of the operation of a motor vehicle by a drunken driver, and we have said "mere intoxication" of the driver of an automobile at the time of an accident is not sufficient to sustain a conviction of manslaughter. Lee v. State, 192 Miss. 785, 7 So.2d 875 (1942); Smith v. State, supra.
We have held, however, that where the testimony shows that the defendant was weaving from side to side on the highway, and the highway patrolman testified that the defendant was the "drunkest" man he had ever seen driving a vehicle on the public road, and that he collided with another vehicle, the jury was warranted in finding the defendant guilty of manslaughter. Lester v. State, 209 Miss. 171, 46 So.2d 109 (1950).
On the other hand, we held in Jones v. State, 244 Miss. 596, 145 So.2d 446 (1962), that it was reversible error to instruct the jury that the mere proof of operating a motor vehicle in an intoxicated condition was not sufficient proof in itself to evince on the part of the defendant "a wanton or reckless disregard for the safety of human life, or of such an indifference to the consequences of his act under the surrounding circumstances as to render his conduct tantamount to wilfulness."
An examination of the opinions in Lester and Jones, supra, clearly indicates that the State must show something more than the mere drinking of intoxicants on the part of the defendant in order to sustain a manslaughter conviction growing out of an accident where intoxication is sought to be shown as the cause for the accident. The State must show that the drinking of intoxicants was to such an extent so as to prevent the defendant from operating his automobile upon the highway in reasonably safe and careful manner and that the intoxication was the proximate cause of the death. Williams v. State, 161 Miss. 406, 137 So. 106 (1931). It may, however, show all the surrounding circumstances tending to show the degree of intoxication and the dangerous activity of defendant which caused the accident.
*21 When the testimony of negligence reaches that degree of carelessness which is denominated as gross negligence and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent person under the circumstances so as to furnish evidence of indifference to consequences the issue becomes a jury issue at that point. Jones v. State, supra. If, however, the testimony is insufficient to warrant a conviction, the court should sustain a motion for a directed verdict. Downs v. State, 206 Miss. 831, 41 So.2d 19 (1949).
The testimony in the instant case does not reach that degree of negligence required to establish culpable negligence within the meaning of Section 2232, Mississippi Code 1942 Annotated (1956). At best, the testimony creates a mere suspicion that the appellant was intoxicated and this is not sufficient to warrant a conviction of manslaughter. The motion for a directed verdict in favor of the defendant should have been sustained.
The judgment of the trial court will, therefore, be reversed and appellant, D.F. Gant, discharged from further prosecution herein.
Reversed and rendered.
ETHRIDGE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.