WOODWARD v. STATE.

(Division A.  Dec. 12, 1932.  Suggestion of Error Overruled Jan. 9, 1933.)

[144 So. 895.  No. 30027.]

Cowles Horton, of Grenada, for appellant.

**Herbert Nunnery,** Assistant Attorney-General, for the state.

472

**McGowen, J.,** delivered the opinion of the court.

Appellant was convicted of the crime of assault and battery on an affidavit which charged that he "did unlawfully and willfully commit an assault and battery on the person of Mrs. Corrinne Brown by then and there unlawfully and recklessly driving a motor vehicle against the person of the said Mrs. Corrinne Brown."

The evidence for the state is, in substance: That the appellant parked his truck, a motor vehicle, in the center of the road, thereby blockading the road and another road intersecting at a point leading to the right, left his truck, accompanied by several companions whom he was driving therein, and went into the woods. The truck was parked facing down a rather steep hill, although the fall was slight at the point where it was stopped. Mr. Brown, accompanied by his wife and sister, was driving a motorcar up the hill, and desired to turn into the road to the right. Upon reaching a point near the truck, and fearing that he could not pass without endangering his wife and sister, he requested them to get out of his car, and started to pass with the right front wheels of his car in the ditch. To use his own language, he "killed" his motor after he succeeded in getting the front wheels of his car through, having to get out and crank the car at the front. His motor did not immediately start, and he called to his wife to go up on the left-hand side to see if the switch

was turned on the battery or magneto. At this time, Woodward being informed by one of his young lady companions that his car was blockading the road, got into it, and, as Brown cranked up his car, Woodward started the motor of his car with a self-starter, and his truck was backed, according to the state's evidence, against Mrs. Brown, who was standing on the ground three to six feet from the truck, crushing her between the two cars, and against the rear fender of her husband's car, thereby seriously injuring her.

The state's witnesses agree that there was ample room on Woodward's right for him to have proceeded down the hill, and they likwise agree that he would not have struck Mrs. Brown, standing on the ground, if he had not turned his car to the left into Mrs. Brown and the Brown's car.

The appellant Woodward, and his witness, testified that they saw Mrs. Brown standing on the running board of her husband's car, and as appellant released his motor, he saw her hop off the running board in front of his ongoing car; but he said that there was sufficient room for him to pass, and there was nobody in his way when he released his motor if she had not "hopped off the running board" of her husband's car in front of his car. The appellant and the Browns were not acquainted with each other, and there is no evidence of any ill feeling.

The court charged the jury for the state to the effect that if it believed from the evidence, beyond a reasonable doubt, that the defendant willfully, wantonly, and recklessly committed an assault and battery upon Mrs. Brown, as charged in the affidavit, it would be their duty to convict. And the court further charged the jury as follows: "That if you believe from the evidence in the case beyond a reasonable doubt that the defendant saw, or could have seen by the exercise of reasonable diligence the dangerous position in which Mrs. Corrinne Brown was located with reference to his truck and that he deliberately put his said truck in motion, without warning

·her, and his said act in so doing, thereby caused the injury and that he so put said truck in motion in wanton and reckless disregard of the safety of the said Mrs. Brown then the jury should return a verdict of guilty as charged.''.

The instructions for the appellant were to the effect that the jury could not convict unless the appellant had driven his truck willfully and intentionally against Mrs. Brown. The jury were further told that if they had reasonable doubt as to whether the defendant struck Mrs. Brown with his truck on purpose or accidentally, it would be their duty to acquit.

First. The appellant insists that he was entitled to a peremptory instruction, which was refused him by the court, on the theory that the evidence does not warrant the jury in finding that the appellant intentionally drove the truck against Mrs. Brown. In arguing this point, he presents to the court the theory that the conviction, if upheld, must be upon the idea that the appellant was guilty of culpable negligence, and that the rule applied to involuntary manslaughter would be applied also to an assault and battery case, citing the cases of Sims v. State, 149 Miss. 171, 115 So. 217; Gregory v. State, 152 Miss. 133, 118 So. 906; Robertson v. State, 153 Miss. 770, 121 So. 492, as having been invoked against him in the lower court.

Intent is a necessary element of assault and battery, and the decisions of this court in the manslaughter cases, supra, are not in point in the case at bar.

"An assault and battery is the unlawful touching of another by the aggressor himself or by any other substance put in motion by him." 5 C. J., p. 718, sec. 74.

An assault and battery may be committed with a motor vehicle by striking a person, or a vehicle in which he is riding, either intentionally or by driving so negligently as to constitute a reckless disregard of human life and safety. 42 C. J., p. 1315, sec. 1250.

Of course, mere negligence would not impute an intent. If negligence be relied on, then it must amount to reckless, willful, and wanton disregard of the rights of others, in which state of case the intent is imputed to the accused. 42 C. J., p. 1315, sec. 1251.

Appellant omits from his argument the state's evidence that he started his car seeing Mrs. Brown standing in the public highway and turned his car to the left and against her. Appellant admits he saw Mrs. Brown, but contradicts the statement that she was in the highway, and says her injury was due to her own carelessness in "hopping" from the running board of her husband's car in front of his ongoing car.

From these facts the jury could have believed that his act in turning the car upon Mrs. Brown was with deliberate intent, or it could be said that his act in starting and turning his motor vehicle toward and against her evinced such willful, reckless, and wanton disregard for her safety as to impute to him the willful intent to do the act. This is reinforced by the state's evidence that he had ample, open, and safe space in which to turn to his right; and, on the whole, the state's evidence shows that he intended the natural consequences of his act. From the state's view, he acted unlawfully and willfully, not because of anger or malice against Mrs. Brown, but in the view of doing an act calculated to injure, and which in fact did trespass upon her and injure her.

In the case at bar, if the jury believed the state's evidence that the defendant deliberately started his car in motion with Mrs. Brown standing in the road in front of his car, and without warning he drove the car against her, the jury was warranted in imputing to the appellant an intent to do her bodily harm. Under these facts the peremptory instruction was properly refused.

Instruction No. 2 is inaccurate, and subject to the criticism that it assumes that Mrs. Brown was in a dangerous position. It is subject to the further criticism that it uses the language, "the defendant saw, or could

have seen by the exercise of reasonable diligence," etc. The use of the words "could have seen by the exercise of reasonable diligence," taken alone and disconnected from the rest of the instruction and from instruction No. 1, would seem to authorize the jury to convict the defendant if he were guilty, of mere negligence. This is not the law. However, appellant was not harmed in view of the instructions of the state read as a whole together with the liberal instructions granted him, and in view of the fact that there was no question but that he saw Mrs. Brown. The evidence was in conflict as to whether or not she was in a dangerous position.

The jury could not have been misled by this error. W. cannot disturb the verdict.

Affirmed.