DAN M. LEE, Justice,
concurring in part and dissenting in part:
The facts in this case are materially different from those in Buzel Gray v. State, 427 So.2d 1363, 1983, not yet reported, *700 which construed Mississippi Code Annotated section 97-3-7 (1972). The record in Gray indicated that he did not know the people with whom he was involved in the accident on that rainy afternoon, and had no reason to harm them in any manner. In the case sub judice, Buchanan and the injured man, Parker, had been drinking and had engaged in a fight immediately prior to the accident. The fight subsided, whereupon Parker got on his motor bike and was driving down a public road to a friend’s house when Buchanan came up from behind and rammed him, pushing him about 300 feet down the road, until Parker jumped off the motor bike. This could make a jury question as to whether there was motive, malice or intent and, therefore, could meet the legislative intent that was required in section 97-3-7(2)(a).
However, as to assignment of error No. 2, we are faced with one of the same problems in this case as presented in Gray, supra, which was the granting of state instruction No. 2 and the denial of defense instruction No. 3. State instruction No. 2 is as follows:
The Court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Billy Joe Buchanan, did on or about October 16, 1982, unlawfully, wilfully, and feloniously cause bodily injury to Joe Parker, a human being, recklessly under circumstances manifesting extreme indifference to the value of human life by driving into Joe Parker and striking him with an automobile, then you shall find the defendant guilty as charged.
This instruction offers no guidelines or distinctions for the jury to follow so that it could understand the difference between recklessness under circumstances manifesting extreme indifference to the value of human life that amounted to willfulness and ordinary negligence, gross negligence or culpable negligence, all of which are a lesser degree than willful. Ramon v. State, 387 So.2d 745 (Miss.1980).
To avoid the possibility that state instruction No. 2 be interpreted by the jury as a peremptory instruction, thereby depriving appellant of his only defense, it became necessary for the court to grant an instruction similar to the one offered by defense instruction No. 3. Although inartfully drawn and the verbiage redundant, this instruction attempted to instruct the jury as to the difference between recklessness or negligence without intent as opposed to such negligence that would be tantamount to willfulness and therefore subject the appellant to criminal responsibility.
I cannot say that the refusal of defense instruction No. 3 was reversible error because of its peculiar verbiage. I would say that a proper instruction should have been given by the court as guidance to the jury after granting state instruction No. 2. I think that when all instructions were read together, they were not sufficient to guide the jury as to this aspect of the case. Otherwise, faced with many cases of this sort, juries will be overinclined to convict on proof of what is in fact no more than simple negligence, or certainly less negligence than is necessary to constitute willfulness. Indeed, this Court has already held such, which was best stated in Gant v. State, 244 So.2d 18 (Miss.1971), as follows:
* * * “Experience has shown that under that statute (the culpable negligence statute), juries are overinclined to convict on proof of what is no more than simple negligence, and as a result there have been more reversals in this class of cases than perhaps in any other that comes before us.” * * *
(244 So.2d at 19-20)
I am of the opinion that this case should be reversed and remanded for a new trial in order that a jury may be properly instructed. In the alternative, the majority opinion might be modified to delete therefrom the language “that the jury was properly instructed and did not need any further guidance.”