IRVING, J.,
for the Court:
¶ 1. Leonard Nix was convicted of reckless driving and three counts of simple assault by the Montgomery County Circuit Court. Aggrieved, Nix appeals and raises for our review the following issues which are quoted verbatim from his brief
1. DID THE TRIAL COURT ERR IN FINDING THAT LEONARD NIX WAS GUILTY OF RECKLESS DRIVING?
2. DID THE TRIAL COURT ERR IN FINDING THE LEONARD NIX WAS GUILTY OF THREE COUNTS OF SIMPLE ASSAULT?
Finding no reversible error, we affirm.
FACTS
¶ 2. At approximately 3:00 p.m. on November 8, 1997, Officer Huffman, a police officer with the City of Winona, observed a black Mustang driven by Leonard Nix enter Middleton Road and pull off at a high rate of speed. Officer Huffman immediately pursued Nix. Even though Huffman was unable to catch up to Nix’s speeding car, Huffman continued to follow Nix from Middleton Road onto Highway 82. Highway 82 is a two lane divided highway with a speed limit of 45 mph. Officer Huffman testified that once Nix turned onto Highway 82, he observed Nix pulling off at an excessive rate of speed, passing cars in the right-hand lane and driving faster than the normal flow of traffic. As Nix raced down Highway 82, the Mustang darted in and out of Huffman’s sight. While pursuing the Mustang, Huffman stated that he suddenly saw debris flying. Huffman immediately assumed that there had been an accident and radioed for emergency assistance.
¶ 3. Upon approaching the accident scene, Huffman discovered that a collision had occurred between the Mustang driven by Nix and a white Pontiac Bonneville being driven by Lynn Oliver. Accompanying Oliver in the car at the time of the accident were her two children, Julia and Kellum. Oliver and her children sustained injuries. The front bumper of her car was knocked completely off and was lying some thirty-five feet from the car. Nix’s vehicle sustained damages on the passenger’s side, from front to rear.
¶ 4. Oliver testified that she had been traveling from Grenada to Winona and that as she exited Interstate 55, she came to a complete stop at the stop sign at the foot of the ramp, looked both ways, proceeded to cross Highway 82, and as she *899 began to cross, she heard an explosive sound. Oliver stated that she could see for almost a half mile back from the intersection, but she never saw a car prior to entering the highway. Chris Golden, a witness to the accident, and Larry Nix, appellant’s brother and passenger in the Mustang at the time of the collision, both testified, however, that Oliver ran the stop sign and hit Nix.
¶ 5. Huffman questioned Nix at the accident scene. Huffman testified that when he questioned Nix about Nix’s rate of speed, Nix responded that he “was running 135 miles an hour.” Huffman stated that he then asked Nix his reason for driving that fast, and Nix responded, “Because I wanted to.” Larry Nix testified that at the time Huffman questioned Leonard Nix, Leonard Nix responded with sarcasm and that he immediately corrected Leonard Nix’s statement and told Huffman that Leonard Nix was driving around 60 to 65 miles an hour prior to the collision. However, Officer McClurg, an accident re-constructionist, testified that although he was not able to project pre-impact speed, he determined that Nix’s post impact speed was a minimum of 94 miles an hour. McClurg based his calculation on post-impact skid marks. Huffman testified that on the day of the accident, he found and measured 772 feet of visible skid marks. McClurg stated that had Nix traveled at 45 mph he would have avoided the collision with Oliver.
STANDARD OF REVIEW
¶ 6. In reviewing the findings of a trial judge sitting without a jury, we will reverse only where the findings of the trial judge are manifestly erroneous. Amerson v. State, 648 So.2d 58, 60 (Miss.1994). The trial judge has sole authority to determine the credibility of a witness when sitting as the trier of fact in a bench trial. Reed v. State, 749 So.2d 179 (Miss.Ct.App.1999). Our scope of review is limited to the same examination as that of the trial court in reviewing motions for directed verdict and JNOV; that is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt, viewing all facts in the light most favorable to the State, then the trial court must grant the motion. Id. Thus, we may reverse only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
ANALYSIS OF THE ISSUES PRESENTED

I. Did the trial court err in finding that Leonard Nix was guilty of reckless driving?

¶ 7. Nix contends that there was insufficient evidence to support his conviction of reckless driving. To support his contention, Nix argues that the testimony of defense witnesses Larry Nix and Chris Golden was more credible than the testimony offered by the State because they were actual' eyewitnesses to the accident. Nix, however, overlooks our well established law that it is the trier’s of fact prerogative, to determine the credibility of the witnesses. Rice Researchers, Inc. v. Hiter, 512 So.2d 1259, 1265 (Miss.1987).
¶ 8. It is well established in Mississippi law that the reckless driving statute was enacted for the protection of motorists, pedestrians and property on the highway. Gause v. State, 203 Miss. 377, 381, 34 So.2d 729, 730 (1948). Mississippi Code Annotated § 63-3-1201 (Rev. 1996) provides:
Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving. Reckless driving shall be considered a greater offense than careless driving.
*900 Reckless driving occurs' when the driver commits conscious acts which a driver knows or should know would create an unreasonable risk of injury or damage. Barnes v. State, 249 Miss. 482, 484, 162 So.2d 865, 866 (1964). Wobbling, swaying and weaving back and forth while driving also constitutes reckless driving. Id.
¶ 9. In the case sub judice, legally sufficient evidence existed to find Nix guilty of reckless driving. The trial judge heard testimony from Officer Huffman, who observed Nix driving at an excessively high rate of speed on Highway 82 while weaving in and out of traffic in a 45 mile per hour speed zone. Huffman also testified that he observed Nix passing other vehicles at an excessive rate of speed. Additionally, Huffman testified that after questioning Nix about his speed, Nix responded and admitted to driving at a speed of 135 miles per an hour and that he drove at that rate because “I wanted to.” Even though Larry Nix testified that Nix actually drove at a rate of 60 to 65 mph, that was still in excess of the maximum speed limit. Nix’s driving at an excessively high rate and passing other vehicles while he was traveling, coupled with his statements and his weaving in and out of traffic, was sufficient evidence to find that Nix committed conscious acts which he knew or should have known would create an unreasonable risk to others. The trial judge heard the testimony, observed the demeanor of each witness and determined from the evidence presented that Nix was guilty of reckless driving. We cannot say that, on this evidence, a reasonable person could only find Nix not guilty; therefore, the trial judge did not err in finding Nix guilty of reckless driving.

II. Did the trial court err in finding Leonard Nix guilty of three counts of simple assault?

¶ 10. Nix does not argue that one cannot commit the offense of simple assault by striking another while operating a vehicle in a reckless and negligent manner. Rather he argues that the trial court erred in finding him guilty of the three counts of simple assault because of the court’s commission of three sub-errors: allowing the testimony of Officer Billy McClurg, finding that Nix caused the accident, and finding the affidavits to be valid charging documents. Stated another way, Nix argues that his conviction of the simple assault charges was predicated on the sub-errors, and when the sub-errors are eliminated from the equation, no valid .evidence remains which would support his conviction. We agree the conclusion drawn by Nix would be valid if his premises were valid. But since we do not find merit in his premises, we reject his conclusion. We will discuss them in order.

A. The affidavits

¶ 11. Nix argues that he should have not been charged with simple assault because the affidavits were faulty and void on their face. The basis for Nix’s contention that the affidavits were faulty and void on their face is that the affidavits contain information regarding the speed of Nix’s vehicle and that two of them were signed by Oliver on behalf of her minor children without specifying the capacity in which they were being executed. Nix contends that since Oliver testified she did not see his vehicle, she could not swear in the affidavits as to Nix’s speed. Nix, however, failed to cite authority; therefore, we are not obligated to address this issue. See Edlin v. State, 523 So.2d 42, 49 (Miss.1988). However, this contention is utterly without merit. The question is whether the information, contained in the affidavits, is true and whether proof was offered in that regard during the trial. Oliver never swore that she saw Nix driving at the speed specified in the affidavits, just that he was in fact driving at that speed. As to Nix’s contention that Oliver did not indicate that she was executing two of the affidavits on behalf of her minor children, it is sufficient to say that one affidavit by Oliver detailing Nix actions and the subse *901 quent injury to herself and her two children would have been sufficient to charge Nix with assault on the two children. The trial judge did not err by allowing this case to proceed on the strength of the affidavits.

B. Testimony of Officer Billy McClurg

¶ 12. Next, Nix contends that Officer McClurg was never tendered as an expert witness; therefore, McClurg should not have been allowed to testify. Nix asserts an issue on appeal that was not raised during trial. At trial Nix did not object to McClurg testifying as an expert witness, but rather objected to the content of McClurg’s testimony. A trial judge may not be put in error on a matter which was not presented to him for decision. Holland v. State, 587 So.2d 848, 868 (Miss.1991). This means that the matter must be presented to the trial court in such a form that the trial judge has the opportunity to consider it with full knowledge of the respective contentions of the parties. House v. State, 445 So.2d 815, 819 (Miss.1984). Moreover, Nix’s objection was untimely. According to the record, Nix did not raise an objection to McClurg’s testimony until after the direct, cross and redirect were completed. Timeliness means the objection and motion must be made contemporaneously with the allegedly improper utterance. Ivy v. General Motors Acceptance Corp., 612 So.2d 1108, 1114 (Miss.1992). A contemporaneous objection is necessary so that the judge can make a determination of prejudice. Id. Having failed to raise such objection, Nix waives his right to raising this argument on appeal. See Ballenger v. State, 667 So.2d 1242, 1259 (Miss.1995).

C. The cause of the accident

¶ 13. Nix specifically argues that the evidence shows that Lynn Oliver caused the accident. As we have already discussed, on disputed evidence, the trial judge, acting within the bounds of the law, properly found Nix guilty of reckless driving. It is uncontradicted that Oliver and her two children were injured in the accident. According to the testimony of McClurg, the accident would not have occurred had Nix been abiding by the speed limit. The evidence showed that Nix consciously and deliberately exceeded the speed limit. Nix argues, however, that he produced witnesses that testified that Oliver ran the stop sign. However, as previously stated, the trial judge was entitled to assign to each witness whatever weight and credibility he deemed necessary. The trial judge heard the testimony, observed the demeanor of each witness and determined from the evidence presented that Nix was guilty of three counts of simple assault.
¶ 14. A person is guilty of simple assault if he attempts to cause or purposely, knowingly or recklessly causes bodily injury to another. Miss.Code Ann. § 97-3-7(l)(a) (Rev. 1994). An assault may be committed with a motor vehicle by striking a person, or a vehicle in which he is riding, either intentionally or by driving so negligently as to constitute a reckless disregard of human life and safety. Woodward v. State, 164 Miss. 468, 144 So. 895, 896 (1932). We cannot say the trial judge erred in finding that Nix’s action of traveling at 135 mph in a 45 mph speed zone constituted the proximate cause of the accident.
¶ 15. Even if Nix’s action were only a contributing proximate cause of the accident, he still could not escape criminal liability for his actions. See for example, Coggins v. State, 222 Miss. 49, 62, 75 So.2d 258, 264 (1954), holding that the negligence of the deceased or of a third person is not a defense to a prosecution for a homicide resulting from the operation of a motor vehicle, although it may be considered on the issue of whether the accused was criminally negligent or whether his conduct was the proximate cause of the homicide. We do not believe the language in Coggins, regarding the negligence of the deceased or of a third party being relevant on the *902 issue of the accused’s criminality, implies anything more than an acknowledgment that evidence of negligence of a deceased or third party may be considered in the trial of an accused for manslaughter by culpable negligence. See also State v. Garland, 116 Ohio App.3d 461, 688 N.E.2d 567, 561 (1996); State v. Kliegel, 674 S.W.2d 64, 66 (Mo.Ct.App.1984). The court in Kliegel stated that a wrongdoer does not “escape liability for a criminal act because another event concurs to produce the prohibited consequence.” Id. at 66. We see no reason to treat the negligence of a party to an accident in a criminal prosecution of the accused for assault any different from the negligence of a deceased party or of a third party in a criminal prosecution of an accused for manslaughter by culpable negligence. Accordingly, we hold that the negligence, if any, on the part of Oliver, does not absolve Nix of criminal liability. We affirm the trial judge on this issue.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY ON COUNTS I, II, III OF SIMPLE ASSAULT AND SENTENCE TO SERVE SIX MONTHS IN JAIL, ON EACH COUNT WITH THREE MONTHS OF EACH SENTENCE SUSPENDED, TO BE SERVED CONCURRENTLY AND FINE OF $500 FOR EACH ASSAULT CONVICTION AND TO SERVE PROBATION FOR ONE YEAR AND CONVICTION OF RECKLESS DRIVING AND FINE OF $100 IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
MeMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, PAYNE, and THOMAS, JJ., concur.