KING, P.J.,
for the court.
¶ 1. Michael L. Rhoades was originally convicted of DUI First Offense in the Justice Court of Lafayette County, Mississippi. He appealed this conviction to the Lafayette County Circuit Court which affirmed the justice court’s conviction in a de novo bench trial. He now appeals that decision and assigns the following issues as error:
I. Whether there was sufficient evidence to support a DUI-First Offense conviction.
II. Whether the trial judge committed reversible error by admitting evidence of the horizontal gaze nystag-mus (HGN) test given to Rhoades.
FACTS
¶ 2. On January 28, 1998, at approximately 2:00 a.m., University Police Officer Libby Lytle was on foot patrol near a male dormitory on the University of Mississippi campus. While inside the lobby, Officer Lytle heard loud music coming from a vehicle in the parking lot. Officer Lytle observed a vehicle drive up to the curb in a “no parking” area. The officer went out to speak to the driver, Michael Rhoades, and instruct him to turn the music down. As Officer Lytle approached the vehicle, she saw him “sitting there with an open can of beer in his hand.” At that time, the officer also observed in plain view a twelve-pack of beer on the passenger seat.
¶3. Officer Lytle testified that, as she spoke with Rhoades, she noticed that he had “redness of the eyes.” She also noted that his pupils were dilated, his speech was slurred, and the odor of alcohol emanated from his breath. Having made these observations, Officer Lytle asked Rhoades to step out of the vehicle to determine “if he was under the influence of an intoxicating beverage or not.” At this point, Rhoades agreed to perform some field sobriety tests.
¶ 4. Officer Lytle administered the HGN test, the walk and turn test, and the one legged stand test. Officer Lytle testified that Rhoades lost his balance while performing the “walk and turn” test, and also failed the one legged stand.
¶ 5. Based upon her observations, Officer Lytle determined that Rhoades had driven a vehicle under the influence of an intoxicating beverage. She placed Rhoades in custody to offer him the Intoxi-lyzer 5000 at the Lafayette County Detention Center.
¶ 6. Officer Lytle retrieved the alcohol from the vehicle, inventoried it as evidence and then radioed for transportation. Officer Hernandez arrived and transported Officer Lytle and Rhoades to the detention center. Upon arrival, Officer Hernandez prepared the intoxilyzer machine. Officer Hernandez read Rhoades the intoxilyzer checklist statement several times. Thereafter, Rhoades refused to take the intoxi-lyzer test and was placed under arrest for possession of alcohol by a minor and DUI.
*546 ¶ 7. During trial, Officers Lytle and Hernandez testified that they observed signs of intoxication by Rhoades.
¶ 8. In a non-jury trial, on January 19, 2001, the court found that the State had failed to prove the possession of beer, but did find Rhoades guilty of DUI First Offense. Rhoades was sentenced to serve a term of forty-eight hours in the county jail, ordered to pay a $750 fine and all other costs and assessments, with the jail time being suspended upon payment of the fine, fees and costs.
ISSUES AND ANALYSIS
I.
Whether there was sufficient evidence to support a DUI First Offense conviction.
¶ 9. Rhoades contends that there was not sufficient evidence to support a DUI First Offense conviction. To determine whether there was sufficient evidence to support the conviction, this Court adheres to the following standard:
When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury’s verdict is quite limited. We proceed by considering all of the evidence — not just that supporting the case for the prosecution — in the light most consistent with the verdict. We give the prosecution the benefit of all inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point[ ] in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is beyond our authority to disturb.
Porter v. State, 749 So.2d 250 (¶ 22) (Miss.Ct.App.1999) (citations omitted).
¶ 10. In his brief, Rhoades acknowledges that the State proved the first element of the offense regarding whether he was operating a vehicle. However, Rhoades contends that the State did not prove “beyond a reasonable doubt” that he was under the influence of intoxicating liquor.
¶ 11. The State’s witnesses testified as to their observations of Rhoades and the field sobriety tests given. Officer Lytle testified that she observed Rhoades drive up to the “no parking” area. The- officer further stated that while talking with Rhoades, she noticed that he had an open can of beer in his hand, there was a twelve-pack of beer on the passenger side in plain view, his eyes were red, his pupils were dilated, his speech was slurred and he had an odor of an intoxicating beverage on his breathe. Officer Lytle also indicated that Rhoades failed the sobriety tests given.
¶ 12. While talking with Rhoades, Officer Hernandez observed that Rhoades had slurred speech, unsteadiness on his feet, the smell of an intoxicating beverage on his breathe and had trouble understanding the intoxilyzer checklist statement which was read to him.
¶ 13. The trial judge has sole authority to determine the credibility of a witness when sitting as the trier of fact in a bench trial. Nix v. State, 763 So.2d 896(¶ 6) (Miss.Ct.App.2000). The trial judge stated that “I don’t think that I have any other choice under the law and under the proof that has been presented here today but to *547 find that Mr. Rhoades was intoxicated and that he was driving an automobile while under the influence of alcohol and that will be the judgment of this court....”
¶ 14. We find that the State did show pursuant to Miss.Code Ann. Section 63-ll-30(l)(a) (Rev.1996) that Rhoades was driving or operating a vehicle, through Officer Lytle’s testimony. The State also showed, through the testimony of Officers Lytle and Hernandez regarding their observations of Rhoades and the sobriety tests given, that Rhoades was “under the influence” of an intoxicating beverage while operating a vehicle. There is accordingly sufficient evidence to support the conviction.
II.
Whether the trial judge committed reversible error by admitting evidence of the horizontal gaze nystagmus (HGN) test given to Rhoades.
¶ 15. Rhoades’ claims that the trial judge committed reversible error in allowing testimony of the horizontal gaze nys-tagmus test given to Rhoades. This Court has set forth the following standard of review regarding the admission of evidence:
Under the Supreme Court’s standard of review, the admissibility of evidence rests within the discretion of the trial court. However, this Court must also determine whether the trial court employed the proper legal standards in its fact findings governing evidence admissibility. If in fact the trial court has incorrectly perceived the applicable legal standard in its fact findings, the Court applies a substantially broader standard of review. However, a denial of a substantial right of the defendant must have been affected by the court’s evidentiary ruling. Furthermore, the trial court’s discretion must be exercised within the scope of the Mississippi Rules of Evidence and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs. We have also stated that “[t]he mere fact that the trial court committed error in an evidentiary ruling does not by itself warrant a reversal by this Court.”
Young v. City of Brookhaven, 693 So.2d 1355, 1358 (Miss.1997) (citations omitted).
¶ 16. In this matter, the prosecutor asked Officer Lytle which tests she administered to Rhoades. The officer testified that she offered Rhoades the HGN test, but did not testify as to the numerical results of the HGN test. Officer Lytle testified that as a result of administering this test, she found probable cause to give the other tests previously mentioned.
¶ 17. According to the record, there was no testimony as to the numerical result of the HGN test, nor that this was the only test relied upon. The test results were not admitted into evidence. For these reasons, we find that the trial court did not commit reversible error regarding the HGN test.
¶ 18. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT OF CONVICTION OF DUI-FIRST OFFENSE AND SENTENCE OF FORTY EIGHT HOURS IN THE LAFAYETTE COUNTY DETENTION CENTER, WITH JAIL TIME SUSPENDED UPON PAYMENT OF $750 FINE AND OTHER COSTS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.